IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES MICHAEL SLEDZ, :
   Plaintiff :
   :
v. : CIV. NO. AMD 02-2050
   :
THE FLINTKOTE COMPANY, et al., :
   Defendants :
                ...oOo...

MEMORANDUM

This is a personal injury action instituted in state court and removed to this court by Defendant, The Flintkote Company ("Flintkote"). Now pending is Plaintiff's "Motion to Remand and for Assessment of Costs and Fees." The motion has been fully briefed and no hearing is needed. The motion shall be granted in part and denied in part.

There is no material dispute as to the facts or the procedural history surrounding this matter. On March 28, 2001, Plaintiff, who allegedly suffers from mesothelioma contracted as a result of occupational exposure to asbestos, filed damages claims against 24 defendants, including nondiverse defendants, in the Circuit Court for Baltimore City. Flintkote was not joined in the original complaint. Rather, Flintkote was added many months later by a Fourth Amended Complaint filed on or about January 11, 2002. Ultimately, after the filing of a Seventh Amended Complaint on or about April 24, 2002, Plaintiff had filed suit against 35 defendants, adding and dismissing various defendants for over a year. A jury trial is scheduled to begin in state court at the end of October 2002.

Plaintiff was deposed on June 4, 2002. In the course of his deposition, he identified,



with considerably more clarity and certainty than he had in his responses to earlier written discovery, the entities against whom he had admissible evidence. Accordingly, Flintkote removed the case to this court on June 17, 2002, asserting in its notice of removal that it had properly obtained the consent of all remaining, non-nominal parties. Plaintiff timely filed the pending motion to remand.

Plaintiff contends that the removal was improper as 28 U.S.C. § 1446(b) specifically prohibits removal of a lawsuit on the basis of diversity of citizenship if more than one year has elapsed since the "commencement of the action." Indisputably, Plaintiff filed this case in state court on March 28, 2001, and Flintkote filed its notice of removal on June 17, 2002. According to Plaintiff, Flintkote's motivation in removing the case is to continue the "pattern of bad-faith obstruction and delay" which has allegedly characterized Flintkote's involvement since it was joined as a defendant. *Mot. to Remand and for Assessment of Costs and Fees* ¶ 7; *see id.* ¶¶ 7-10. Plaintiff argues that Flintkote is attempting to delay this case "in the hope that the plaintiff, who is dying of mesothelioma, will be unable to have his case heard during his lifetime." *Id.* ¶ 12.

Flintkote responds with two arguments. First, it contends that under 28 U.S.C. § 1446(b), the one-year period for removal on the basis of diversity of citizenship does not accrue until the defendant effecting removal is first brought into the case, and not when the case is first filed in state court. Accordingly, it contends, this action was timely removed because it was "commenced" less than a year before Flintkote removed the case to this court. That is, the one-year period accrued when Plaintiff filed his Fourth Amended Complaint

(joining Flintkote as a defendant) on or about January 11, 2002. Second, and in the alternative, Flintkote argues that even if the one-year period accrued upon the filing of the case in state court against defendants other than Flintkote, the statutory one-year provision is a "procedural" and not a "jurisdictional" requirement. Accordingly, Flintkote contends, because Plaintiff engaged in inappropriate procedural legerdemain intending to defeat Flintkote's right to remove the case to federal court (as allegedly evidenced by Plaintiff's myriad amended complaints, his joinder of nominal parties, his unjustified delay in joining Flintkote, and his failure to be forthcoming in his responses to written discovery), the court should exercise its discretion to ameliorate the "unjust" result-- remand to state court-- mandated by straightforward application of the statutory one-year requirement.

The statute, 28 U.S.C. § 1446 (b), provides as follows, in part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading, setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon defendant if such initial pleading has then been filed in court and is not required to be served on defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other papers from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

A party seeking removal based on diversity of citizenship must thus comply with two time restrictions. First, a party seeking to remove must file its notice of removal within 30

days of receipt of an initial pleading or, if the case is not removable based upon an initial pleading, within 30 days of ascertaining, through an "amended pleading, motion, order or other paper," that the case is removable. *See Gray v. Rite Aid Corp.*, 189 F. Supp. 2d 347, 348 (D. Md. 2002). (Plaintiff does not seriously question Flintkote's compliance with the 30-day requirement.) Second, when diversity of citizenship is the basis of removal, the case must be removed within one year "after commencement of the action." 28 U.S.C. § 1446(b).

Flintkote argues that this action commenced upon the filing of the Fourth Amended Complaint; Plaintiff contends that the action commenced upon the filing of the initial complaint. The key question for courts regarding removal under § 1446(b) has been when an action commences for the purposes of the statute. *Zumas v. Owens-Corning Fiberglass Corp.*, 907 F. Supp. 131, 132 (D. Md. 1995). "Courts which have considered that question have looked to the law of the state in which the state court action originated to determine when an action 'commences.'" *Id.* at 133. Under Maryland law, a civil action commences "by filing a complaint with a court." *Id.* (citing Maryland Rule of Civil Procedure 2-101(a), presently Md. R. 3-101(a)). Thus, under Maryland law, service of process upon a defendant is not a requirement for the "commencement" of an action.

Despite the clarity of Maryland law as described above, which Flintkote does not and cannot dispute, Flintkote attempts to craft an argument based on *Williams v. Hofman Balancing Techniques, Ltd.*, 776 A.2d 4 (Md. Ct. Spec. App. 2001), *cert. denied sub nom. Perfect Equipment Corp. v. Williams*, 788 A.2d 199 (Md. 2002), namely, that an amended complaint that adds a new party does not "relate back" to the initial complaint. In *Williams*,

the plaintiff filed a complaint against some defendants one day before the statute of limitations barred the action. *Id.* at 6. Thereafter, well after limitations had run, the plaintiff filed an amended complaint adding defendant Perfect Equipment Corporation. *Id.* Predictably, the plaintiff contended that the amended complaint simply corrected a misnomer, permitting his claims against the newly-added defendant to relate back to the filing of the initial complaint, thus avoiding the limitations bar. Equally predictably, Perfect Equipment, the newly-added defendant, argued that the amended complaint added a new party and did not, therefore, "relate back."

The court held on the facts of that case that the amended complaint merely corrected a misnomer, and, reversing the lower court, concluded that the suit was commenced within the applicable period of limitations against the newly-added defendant through the relation back doctrine. *Id.* at 17. Apparently, Flintkote would argue broadly from *Williams* that "Maryland law does not hold that an amendment to a Complaint, adding a new party, relates back to the date of filing of the original Complaint unless critical considerations are met, including the absence of prejudice to the newly-added party if the date of the commencement of the action is to be deemed the date of the original Complaint." *Flintkote's Mem.* at 9-10 (citing *Williams*, 776 A.2d at 24). Scrutinizing this sentence is a challenge, but in any event, *Williams* is plainly inapplicable to the present case, as it merely addresses the relation back doctrine in respect to a limitations defense. *See Williams*, 776 A.2d at 6. ("This case presents the issue of whether an amended complaint, for purposes of the statute of limitations, relates back to the date of filing of the original complaint."). *Williams* is not at all useful in assessing

the timeliness of a removal-- an exercise in statutory interpretation-- by a defendant added in an amended complaint.

Flintkote also cites *Hill v. Ascent Assurance, Inc.*, 2002 WL 1011339 (N.D. Miss. April 5, 2002). In *Hill,* the district court concluded that where *additional plaintiffs join a pending action*, the action should be deemed to have commenced on the date that the amended complaint joining the additional plaintiffs was filed, rather than on the date of filing of the original complaint by the original plaintiff. *Id.* at * 8. The court explicitly distinguished those facts from cases in which a *defendant* was added or dismissed, thereby creating (beyond the one-year period) diversity of citizenship between the remaining parties. *Id.* at *6-7. *Barnett v. Sylacauga Autoplex*, 973 F. Supp. 1358 (N.D. Ala. 1997), is distinguishable from the present case on the same basis.

In contrast to the plainly inapposite cases cited by Flintkote, Plaintiff cites a host of cases presenting facts virtually identical to those here in which courts have declined to deviate from the "commencement" rule ordinarily applicable under state law. For example, in *Sasser v. Ford Motor Co.*, 126 F. Supp. 2d 1333 (M.D. Ala. 2001), the plaintiff filed a complaint in state court against nondiverse defendants on July 31, 1998. *Id.* at 1334. The plaintiff filed an amended complaint on October 12, 1999, against Ford, a diverse defendant, and added several claims. *Id.* On March 3, 2000, and on March 21, 2000, the state court dismissed the plaintiff's claims against the nondiverse defendants. Ford then filed a notice of removal on May 17, 2000, and on June 15, 2000, the plaintiff filed a motion to remand. *Id.* at 1335.

The court determined that Ford did not satisfy the one-year requirement and thus remanded the case to state court. *Id.* The court reasoned that for the purposes of § 1446(b), the action commenced at the time of the filing of the initial complaint, as removal statutes are to be construed narrowly and "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* at 1336 (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). Second, the court noted that Congress could have worded § 1446(b) to be claim or party specific, but chose not to. *Id.* Third, the court stated that "although the legislative history of §1446(b) does not specifically address the circumstance presented here, the thrust of the comments in that history support[s] the court's approach." *Id.* at 1335-36. Finally, the court determined that the purpose of the one-year requirement is similar to the purpose of 28 U.S.C. § 1447(d), which provides that an order remanding a case to state court is generally not reviewable on appeal. *Id.* at 1337. The court expounded: "In both situations, the case should go forward in state court without delay, regardless of whether diversity jurisdiction was in fact present." *Id.* (internal quotation marks omitted) (quoting *Russaw v. Voyager Life Ins. Co.*, 921 F. Supp. 723, 725 (M.D. Ala. 1996)). The reasoning of *Sasser* is compelling. *See also Service Asset Mgmt. Co. v. Hibernia Corp.*, 80 F. Supp. 2d 626, 629 (E.D. Tex. 2000); *Lytle v. Lytle*, 982 F. Supp. 671, 673 (E.D. Mo. 1997); *Howell v. St. Paul Fire and Marine Ins. Co.*, 955 F. Supp. 660 (M.D. La. 1997); *Norman v. Sundance Spas, Inc.*, 844 F. Supp. 355, 357-59 (W.D.Ky. 1994); *Baylor v. District of Columbia*, 838 F. Supp. 7, 9 (D.D.C. 1993); *Royer v. Harris Well Service, Inc.*, 741 F. Supp. 1247, 1248-49 (M.D. La. 1990).

As its fallback position, Flintkote argues that even if the court determines that this action commenced more than a year before it filed the notice of removal, the one-year requirement of 28 U.S.C. § 1446(b) is a mere procedural requirement and not a jurisdictional requisite, can therefore be overlooked or waived in appropriate circumstances, and should be waived under the circumstances in the case at bar. In *Zumas*, Judge Kaufman noted that "[c]ourts have split as to whether the one-year rule imposes a jurisdictional limitation." *Zumas*, 907 F. Supp. at 134. Judge Kaufman was not called upon to determine whether the one-year requirement was "procedural" or "jurisdictional," *id.*, concluding as he did that, in any event, the record did not support the assertion that the plaintiff had engaged in procedural manipulation to prevent the defendant from removing the case to federal court and, observing, moreover, that the case had made substantial progress in state court prior to its removal to federal court.

The same result obtains here. Notwithstanding the improper motive Flintkote would ascribe to Plaintiff's procedural machinations, there simply is no evidence in the record that Plaintiff manipulated the system so as to avoid removal by Flintkote. The parties disagree as to which party is most responsible for the delay in Flintkote's realization that removal was a possibility. It appears that the parties share responsibility for the delay. I am not persuaded that Plaintiff's actions amount to "gimmicks" and "artful maneuvering." *Flintkote Mem.* at 13 (quoting *Saunders v. Wire Rope Corp.,* 777 F. Supp. 1281, 1284 (E.D. Va. 1991)). To the contrary, it appears that there are other, indisputably legitimate, nondiverse defendants joined in this case, albeit those defendants are in bankruptcy.

Moreover, the cases on which Flintkote relies are those in which the plaintiff filed a complaint, waited a substantial amount of time to serve the defendant, and the relevant state law provided that a case is not "commenced" until the complaint has been filed and the defendant is served. *See Zumas*, 907 F. Supp. at 133 (discussing *Greer v. Skilcraft*, 704 F. Supp. 1570 (N.D. Ala. 1989); *Kite v. Richard Wolf Medical Instruments Corp.*, 761 F. Supp. 597 (S.D. Ind. 1989); *Saunders v. Wire Rope Corp.*, 777 F. Supp. 1281, 1282 (E.D. Va. 1991)). As noted, Maryland law does not require service of process to mark the commencement of an action.

As for the quantum of progress by this case in state court before it was removed, Flintkote correctly notes that the present case is not similar to *Zumas* as the state court trial in *Zumas* was nearing completion at the time the case was removed. Nevertheless, in the present case, there is an imminent trial date of October 30, 2002, and pretrial motions are due in September. To be sure, with some rescheduling of other matters, I could try this case in the fall. It seems clear, however, that if the case remains in this court, it will almost certainly become the subject of a motion by Flintkote for multi-district litigation treatment. *See In re Asbestos Products Liability Litigation* (No. VI), 771 F.Supp. 415 (J.P.M.L.1991). Inevitably, therefore, to permit removal of this case on the dubious ground that I have "discretion" to override the command of the federal removal statute, as informed by Maryland law, would cause a substantial "slow down" in the progress of the case to conclusion.

In any event, at bottom, whatever procedural fencing may be evident here has been manifested on both sides. I have no hesitation in observing that, pejoratives such as

"gimmicks" and "artful maneuvering" aside, a plaintiff has every right to do all that is possible, within the bounds of ethical constraints, to ensure that his case remains in state court; a defendant has an equally defensible privilege to do all it can, under like constraints, to push or pull the action into federal court. *Cf. Briddelle v. T & J Foods, Inc.*, 18 F.Supp.2d 611 (D.Md.1998)(plaintiff "split" causes of action for sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and battery, filed two separate lawsuits in state court arising out of the same transaction, and thereby prevented removal of battery case to federal court).

Plaintiff asks for attorney's fees based on 28 U.S.C. § 1447. Under § 1447 (c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In the exercise of an unquestioned (and informed) discretion as to this aspect of Plaintiff's motion, I do not perceive any reason on this record to award attorney's fees to Plaintiff. Consequently, the Plaintiffs' motion for remand shall be granted; the request for fees shall be denied. An order follows.

Filed: July 11, 2002

_____
ANDRE M. DAVIS
United States District Judge